Jason Balogh (CSB # 238199)
jason@baloghlaw.com
Balogh Law
6680 Alhambra Avenue, Suite 101
Martinez, CA  94553
Telephone/Fax: 925-575-80567

Attorneys for Plaintiff Sharron Frye

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARRON FRYE,<br><br>             Plaintiff,<br><br>     v.<br><br>CITY OF SACRAMENTO, a municipal corporation, SACRAMENTO CHIEF OF POLICE KATHERINE LESTER, former SACRAMENTO CHIEF OF POLICE DANIEL HAHN, Police Officer GREINE, individually and in his capacity as an officer for the Sacramento Police Department, and DOES 1 through 20.<br><br>             Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. Section 1983)**<br><br>**(JURY TRIAL DEMANDED)** |

## INTRODUCTION

1. This action arises out of Sacramento Police Department Officer Greine (first name presently unknown, badge number 938) and other Sacramento Police Officers' (Does 1-10) unconstitutional excessive force and beating of Sharron Frye ("Plaintiff"). On June 24, 2021 at approximately 5:00 p.m. in Sacramento California, without need or legal justification, Officer Greine and DOES 1-10 assaulted, battered, and shoved Ms. Frye to the ground while she was defenseless and unresisting. The officers caused Ms. Frye to hit her head on the ground causing unconsciousness, a concussion, seizure, chest pain and other serious injuries.

2. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive and unreasonable force used on Mr. Frye.

## JURISDICTION AND VENUE

3. This action arises under Title 42 of the United States Code § 1983. Title 28 of U.S.C. §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Sacramento, Sacramento County, California, which is within the judicial district of this Court. The Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. §1367.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, acts, and omissions giving rise to Plaintiff's claims occurred in this district, in Sacramento, California.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5. This action at law for money damages arises under Title 42 U.S.C. Sections, 1983 and 1988 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of authority, state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, and Fourteenth Amendments of the United States Constitution.

## IDENTIFICATION OF PARTIES

6. Plaintiff SHARRON FRYE sues to prosecute an action for violation of her 4th Amendment

rights. At all relevant times mentioned herein, Plaintiff was a resident of Sacramento County, California. Plaintiff is readily apparent as African-American.

7. Defendant CITY OF SACRAMENTO (hereinafter "CITY") is a municipal corporation duly organized and existing under the laws of the State of California. At all times mentioned herein, City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Sacramento Police Department and its tactics, methods, practices, customs and usage. At all relevant times, City was the employer of Defendants Lester, Hahn, Greine, and DOES 1 through 10.

8. Defendant KATHERINE LESTER is the Chief of Police for the City of Sacramento and she committed the acts complained of herein while acting as such and she is sued herein in her official capacity.

9. Defendant DANIEL HAHN is the former Chief of Police for the City of Sacramento and he was the Chief of Police at the time of the incident that is the subject of this complaint. Defendant DANIEL HAHN committed the acts complained of herein while acting as such and he is sued herein in his official and individual capacity.

10. Defendant Officer GREINE (first name presently unknown, badge number 938) is and was at all relevant times employed as a police officer by the CITY and committed the acts complained of herein while acting within the scope and course of his official duty as a police officer. He is sued in both his individual and official capacity.

11. Plaintiff is unaware of the true names of those persons sued herein as Does 1 through 20 and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that said Defendants are police officers employed by the CITY and that their wrongful acts proximately caused Plaintiff's injuries and violated her civil rights. Plaintiff shall substitute the true names of such defendants when they become known.

12. Each of the acts complained of herein was taken, and each violation of Plaintiff's rights occurred, pursuant to the policies, practices and/ or customs of the Defendant Sacramento Chief of Police, Katherine Lester (hereinafter "Chief"), and its former Chief of Police, Daniel Hahn. Each act complained of was approved, condoned and/or ratified by the person of authority, the Defendant

Chief, Hahn and possibly others.

13. In committing each of the violations of law complained of herein defendants, their agents and employees were acting under color of law. The acts complained of were willful, wanton, malicious and displayed a conscious disregard of, and in deliberate indifference to Plaintiff's constitutional rights..

14. Plaintiff demands a jury trial.

## ADMINISTRATIVE PREREQUISITES

15. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff timely filed a tort claim against the City of Sacramento. On or about February 2, 2022, Plaintiff received notice that the City rejected her claim. Plaintiff and the City thereafter entered into a written tolling agreement on or about July 26, 2022, whereby extending the applicable statute of limitations. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## STATEMENT OF FACTS

16. On June 24, 2021, at approximately 5:00 p.m. in Sacramento, California, Ms. Frye left her house to find officers surrounding her son's vehicle. Ms. Frye is a petite 65-year old African-American great-grandmother. This was the day before the sentencing of officer Derek Chauvin for the murder of George Floyd. Given that the Chauvin case dominated the news, Ms. Frye was concerned for her son's life when she saw him surrounded by officers. Ms. Frye stopped well back from the officers and yelled out for them not to shoot her son. Without need or legal justification, Officer Greine and DOES 1-10, aggressively approached Ms. Frye, who began to back away, nevertheless, while she was backing away, Ms. Frye was assaulted, battered, and shoved to the ground while she was defenseless. Plaintiff struck her heard on the ground as a result of being assaulted and shoved by Officer Greine, and she suffered severe injuries including a concussion, loss of consciousness, a seizure, chest pain, shoulder pain, wrist pain, back pain, and heart problems. Plaintiff was taken to Mercy San Juan Medical Center by ambulance and continues to experience headaches, chest pain, heart problems, and severe emotional distress, to the present.

17. The above described incident occurred the day before Derek Chauvin was sentenced to 22 years in prison of the killing of George Floyd, which garnered national media attention.

## DAMAGES

18. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

19. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## FIRST CAUSE OF ACTION

### Violation of Civil Rights- 42 U.S.C. Section 1983 – Against Defendants Officer Greine and DOES 1 through 10

20. Plaintiff re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 19, above, as if fully set below.

21. 42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

22. Plaintiff had a firmly established right under the Fourth and Fourteenth Amendments to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against her.

23. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

24. Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

25. Plaintiff posed no threat to the Defendant Officers or anyone else when she was attacked, and shoved to the ground.

26. The use of force by Defendants in assaulting Plaintiff, including shoving her to the ground, was unreasonable under the prevailing circumstances and thus violated the Plaintiff's right not to be subjected to unreasonable seizure guaranteed by the Fourth Amendment of the United States Constitution.

27. The use of force and shoving of Plaintiff to the ground was unnecessary, unreasonable, and excessive, and constituted unreasonable search and seizure.

28. In using excessive force, the Defendant Officers were acting in accordance with widespread informal practices and customs maintained by the City and Sacramento Police Department.

29. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

30. The conduct alleged herein caused Plaintiff to be deprived of her civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

31. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE Plaintiff seeks relief as set forth below.

## SECOND CAUSE OF ACTION

**Violation of Civil Rights – 42 U.S.C. Section 1983 - Monell claim against Defendants City, Chief, and DOES 11 through 20**

32. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 31, above, as if fully set below.

33. On information and belief Defendants Greine and DOES 1-10 conduct, individually and as peace officers, was ratified by Chief and City's police department supervisorial officers DOES 11-20.

34. Defendants City and Chief had a duty to adequately train, supervise and discipline their police officers in order to protect members of the public, including Plaintiff, from being harmed by the police unnecessarily.

35. On and for some time prior to June 24, 2021, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department policies, including the use of excessive force, respect for the Fourth Amendment;

    b. Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants who City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of City;

    d. By failing to discipline City Police Officers' conduct, including but not limited to, unlawful seizures, excessive force;

    e. By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of City;

  f. By having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

  g. By failing to properly investigate claims of unlawful seizures and excessive force by City Police Officers.

36. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely injured and subjected to pain and suffering and lost her earning capacity for which Plaintiff is entitled to recover damages.

37. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

38. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the rights of Plaintiff. Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

39. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Plaintiff.

40. Said Defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein.

WHEREFORE Plaintiff seeks relief as set forth below.

### THIRD CAUSE OF ACTION

### Violation of California Civil Code Section 52.1 - Against Defendants Officer Greine and DOES 1 through 10

41. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 40, above, as if fully set below.

42. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

43. As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Plaintiff suffered violations of her constitutional rights, and suffered damages as set forth herein.

44. Plaintiff is entitled to injunctive relief and an award of her reasonable attorney's fees pursuant to Civil Code § 52.1(h).

45. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of her reasonable attorney's fees pursuant to Civil Code § 52(a).

46. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### Battery - Against Defendants City, Officer Greine and DOES 1 through 10

47. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 46, above, as if fully set below.

48. Defendants touched Plaintiff with the intent to harm or offend her.

49. Plaintiff did not consent to the touching and was harmed by it.

50. A reasonable person in Plaintiff's situation would have been offended by the touching.

51. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages

according to proof at the time of trial. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress - Against Defendants City, Officer Greine and DOES 1 through 10

52. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 51, above, as if fully set below.

53. Defendants' conduct as described herein was outrageous.

54. Defendants intended to cause Plaintiff emotional distress.

55. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

56. Plaintiff suffered severe emotional distress from Defendants' harassment.

57. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

58. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

59. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION

### Negligence - Against Defendants City, Officer Greine and DOES 1 through 10

60. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 59, above, as if fully set below.

61. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Officer

Greine and DOES 1-10 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Officer Greine and DOES 1-10 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Officer Greine and DOES 1-10 pursuant to section 815.2 of the California Government Code.

62. Defendants acted negligently in their use of force against Plaintiff and in their conduct committed against Plaintiff.

63. Plaintiff was harmed and Defendants' negligence was a substantial factor in causing her harm.

64. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

## Violation of Ralph Civil Rights Act of 1976 CALIFORNIA CIVIL CODE §51.7 -

## Against All Defendants

65. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 64, above, as if fully set below.

66. Plaintiff claims that defendants committed an act of violence against her because of her race, color, national origin, or sexual orientation. Defendants committed a violent act against the Plaintiff's person. A substantial motivating reason for defendants' conduct was their perception of the plaintiff's race, color, national origin, age, gender, sexual orientation, or other immutable characteristics. Plaintiff was harmed and Defendants' conduct was a substantial factor in causing harm to Plaintiff.

67. Defendants racially profiled Plaintiff. During the incident, there were other people present and watching the events unfold. However, Defendants ignored the others and attacked Plaintiff. Plaintiff did not pose any threat to the officers. Nor did Plaintiff commit any crime. However, Defendants focused their attention on Plaintiff, who was readily apparent as African American.

Defendants did not use any force against any lighter skinned bystanders. Defendants used force against Plaintiff due to her race.

68. As a result, Defendants are liable for Ralph Civil Rights Act violations. Defendants City and Chief are liable under principles of respondeat superior, since Defendant Officers were acting in the course and scope of their employment at the time of the incident

69. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

70. Plaintiff hereby demands a jury trial in this action.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as set forth below:

1. For general damages in the amount according to proof;
2. For special damages in amount to be determined at trial;
3. For punitive damages in an amount according to proof against each Defendant Officer Greine and DOES 1-10;
4. For costs of suit and reasonable attorneys' fees pursuant to statute;
5. For all other relief to which they may be legally entitled.

DATED: October 25, 2022                                                 BALOGH LAW

By:     /s/ Jason Balogh
JASON BALOGH
Attorney for Plaintiff Sharron Frye