UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARRON FRYE, | Case No. 2:22-cv-1936-DJC-CSK |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 17, 19) |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's motion to compel a Federal Rule of Civil Procedure 30(b)(6) deposition of Defendant City of Sacramento and production of documents, and her corresponding motion for an extension of time to conduct this discovery.[1] (ECF Nos. 17, 20.) The Court held a hearing on April 10, 2024, where attorney Glenn Katon appeared for Plaintiff and attorney Kate Daz Lynn Brosseau appeared for Defendants.

For the reasons that follow and as stated at the hearing, Plaintiff's motions are GRANTED IN PART and DENIED IN PART. As provided in more detail below, Plaintiff shall have until June 5, 2024 to conduct the Rule 30(b)(6) deposition as modified below, and Defendant shall have until June 5, 2024 to produce documents responsive to

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1  Plaintiff's Modified Requests for Production Nos. 8-10. Finally, the expert discovery
2  deadlines are continued as outlined below. No other deadlines are continued.

3  **I.    BACKGROUND**

4      **A.    Facts**

5      Plaintiff asserts multiple federal and state law claims against the City of
6  Sacramento and multiple Sacramento Police Department officers (collectively, the "City")
7  in connection with a June 2021 encounter with law enforcement. (ECF No. 1 (Compl.).)
8  Plaintiff, "a petite 65-year-old African American great-grandmother," alleges she "left her
9  house to find officers surrounding her son's vehicle[;] was concerned for her son's life
10  when she saw [this;] stopped well back from the officers[;] and yelled out for them not to
11  shoot her son." (*Id.* at ¶ 16.) Plaintiff alleges multiple officers then "aggressively
12  approached [Plaintiff], who began to back away[;] nevertheless [she] was assaulted,
13  battered, and shoved to the ground while she was defenseless." (*Id.*) Plaintiff struck her
14  head on the ground as a result," which resulted in injuries. (*Id.*)

15      Relevant to this discovery dispute, Plaintiff asserts a claim under *Monell v. Dep't*
16  *of Soc. Servs.*, 436 U.S. 658 (1978), against the City for failure to train, supervise, and
17  discipline its officers in their use of force, as related to her Fourth Amendment excessive
18  force claims against the individual officers brought under 42 U.S.C. § 1983. This includes
19  allegations that the City:

20      (a) employs officers with "dangerous propensities for abusing
their authority and for mistreating citizens by failing to follow
21      written City Police Department policies, including the use of
excessive force, respect for the Fourth Amendment"; (b) fails
22      to supervise, train, control, assign, and discipline officers
known for having a "propensity for violence and the use of
23      excessive force"; (c) maintains inadequate procedures for
"reporting, supervising, investigating, reviewing, disciplining
24      and controlling the intentional misconduct" of its officers;
(d) fails to discipline officers' conduct "including but not
25      limited to unlawful seizures [and] excessive force"; (e) ratifies
officers' intentional misconduct; (f) maintains a policy,
26      custom, and practice of "arresting individuals without
probable cause or reasonable suspicion, and using excessive
27      force"; and (g) fails to properly investigate claims of unlawful
seizures and excessive force" by its officers.
28

2

(Compl. ¶ 35.) Defendants answered, denying these allegations. (ECF No. 5 (Answer).)

## B.   Events Relevant to the Discovery Dispute

On March 7, 2023, Magistrate Judge Kendall Newman held a scheduling hearing. (ECF No. 10.) The Court entered a scheduling order setting the following deadlines:  fact discovery cut-off of March 7, 2024; expert witness disclosures due by June 7, 2024; rebuttal expert disclosures due by July 7, 2024; expert discovery cut-off of August 7, 2024; dispositive motions filed by November 7, 2024; final pretrial conference set for April 22, 2025 before District Judge Dale Drozd; and jury trial set for June 23, 2025. (ECF No. 11 (March 9, 2023 Scheduling Order).) Upon reassignment to District Judge Daniel Calabretta, the final pretrial conference was reset to April 24, 2025, and all other dates remained the same. (ECF No. 13.)

On June 15, 2023, Plaintiff propounded discovery on Defendants, which included the following three Requests for Production of Documents (RFPs) at issue here:

> No. 8: All DOCUMENTS RELATING TO any excessive use of force complaints made against any SPD [the City] police officers by any PERSON from 2013 to the Present.

> No. 9: All DOCUMENTS that RELATE TO any disciplinary actions taken against any SPD police officers for the use of excessive force from 2013 to the Present.

> No. 10: All DOCUMENTS that RELATE TO any investigations, by SPD or any other governmental agency, into complaints of SPD police officers' use of excessive force.

(ECF No. 22-1[2] at Exh. A (Pl. Jun. 2023 RFPs).) The City responded on July 17, 2023, objecting to RFPs 8-10 on relevance, proportionality, and privacy grounds. The City also stated:

> Subject to, and without waiving, these objections, and limiting its response to Officer Goetting . . ., Defendant will comply and produce all documents in its possession, custody or control, except to the extent of any objections as stated above. Having conducted a diligent search and inquiry, all documents responsive to this request, as limited, are available for downloading at link above.

---

[2]   All exhibits referenced were filed with the parties' Joint Statement Re Discovery Disagreement. (ECF No. 22-1.)

1  (Exh. B (Defs. Jul. 2023 RFP Responses).) A month later, Plaintiff responded by letter

2  disputing many of the City's responses. (Exh. C (Pl. Aug. 24, 2023 Letter).)

3        The City did not respond, and months passed without any action by either party.

4  On January 24, 2024, Plaintiff sent a follow-up letter requesting the City "confirm that you

5  have complied fully with our June 15, 2023 Requests for Production." (Exh. D (Pl. Jan.

6  24, 2024 Letter[3]).) Plaintiff also requested deposition dates for one of the named officers

7  and for a Rule 30(b)(6) deposition of the City. Plaintiff attached a list of 33 different topics

8  for the 30(b)(6) deposition of the City. (*Id*.) The parties conferred, narrowing some of

9  their disputes (including a five-year limit from June 15, 2018 - June 15, 2023 for RFPs 8-

10  10), but arriving at no final consensus over the scope of RFPs 8-10 or the proposed

11  30(b)(6) topics. (Exh. E (Pl. Feb. 8, 2024 Letter).)

12        On February 14, 2024, Plaintiff served a 30(b)(6) deposition notice on the City for

13  March 4, attaching the same proposed 33 topics. (Exh. F (Pl. 30(b)(6) Depo Notice).) In

14  response on the same day, the City agreed to produce witnesses for 13 of Plaintiff's

15  proposed topics and objected to the other 20 topics on various grounds including

16  relevance, scope, burden, and ambiguity. (Exh. J (Defs. Feb. 14, 2024 Email)). The City

17  also objected that Plaintiff's 30(b)(6) notice for 33 topics counted as a request for 33

18  depositions, exceeding the ten deposition per side limit of Rule 30. (Exh. O (Defs. Feb.

19  21, 2024 Letter). Instead of proceeding with the 30(b)(6) depositions for the topics the

20  parties were in agreement on and continuing to confer on the remaining topics at issue,

21  discussions unfortunately devolved, and no 30(b)(6) depositions were taken.

22        As to the outstanding RFPs, on February 20, 2024, the City stated that it had

23  "produced all responsive documents" and "[n]o documents have been withheld

24  notwithstanding the asserted objections." (Exh. N (Defs. Feb. 20, 2024 Email).)

25        On March 4, 2024, three days before the March 7 fact discovery cut-off, Plaintiff

26
27  [3]  Between October 2022 through January 24, 2024, attorney Jason Balogh was the sole attorney of record for Plaintiff. (*See* ECF No. 1 at 12.) Attorney Katon appeared in this case January 24, 2024, and appears to have handled all matters for Plaintiff after

28  January 24, including this discovery dispute. (*See* ECF No. 15.)

1  filed the instant motion to compel and motion for an extension of time. (ECF Nos. 17,

2  20.) Pursuant to the Court's order at the April 10, 2024 hearing, the parties submitted a

3  joint supplemental brief on April 12. (ECF No. 27 (Joint Letter Brief re Discovery).)

4  **II.     LEGAL STANDARDS**

5        "Parties may obtain discovery regarding any nonprivileged matter that is relevant

6  to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ.

7  P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action,

8  the amount in controversy, the parties' relative access to relevant information, the

9  parties' resources, the importance of the discovery in resolving the issues, and whether

10  the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

11  "[B]road discretion is vested in the trial court to permit or deny discovery...." *Hallett v.*

12  *Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

13        Under the Federal Rules of Civil Procedure, a party must produce relevant, non-

14  privileged documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). If a

15  responding party objects, the objection "must state whether any responsive materials are

16  being withheld on the basis of that objection[, and] an objection to part of a request must

17  specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

18        The Federal Rules also grant a party the power to depose "one or more officers,

19  directors, or managing agents" of an organization "[or] other persons who consent to

20  testify on its behalf," as designated by the organization. Fed. R. Civ. P. 30(b)(6). This

21  Rule requires the organization to "set out the matters on which each person designated

22  will testify," and after a 2020 amendment, also requires the parties to confer about the

23  matters for examination. *Id.*

24        A party may move to compel discovery if the movant has in good faith conferred

25  with the party opposing discovery to obtain the requested discovery without the court's

26  intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform

27  the Court which discovery requests are the subject of the motion to compel, and, for

28  each disputed response, why the information sought is relevant and why the responding

1   party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D.

2   Cal. Nov. 1, 2013). If the motion to compel is granted in part and denied in part, the court

3   may apportion the "reasonable expenses" for the motion. Fed. R. Civ. P. 37(a)(5)(C).

4   **III.   ANALYSIS**

5   **A.   Arguments of the Parties**

6        Plaintiff argues she is entitled to responsive documents for her Requests for

7   Production Nos. 8-10, and a 30(b)(6) deposition of the City on all 33 topics. Plaintiff

8   contends that allegations of excessive force by other individuals are relevant, given the

9   scope of her Fourth Amendment claim and the fact that her *Monell* claim concerns the

10  City's alleged failure to supervise, train, control, and discipline officers regarding the

11  proper use of force. Similarly, Plaintiff argues that 30(b)(6) Topics 17-32 (which concern

12  other allegations of excessive force between 2016-2022 for certain named and unnamed

13  individuals) are relevant to her *Monell* claims. Finally, Plaintiff contends that her motion

14  to compel is timely because she served the requests for production in June 2023, and

15  counsel raised the 30(b)(6) deposition in late January 2024. (ECF No. 22 at 4-6.) Plaintiff

16  requests an additional 60 days to review any of the City's documents produced in

17  response to RFPs 8-10, and to complete the 30(b)(6) deposition. (ECF No. 20.)

18       In response, the City argues that Plaintiff's RFPs 8-10 and 30(b)(6) topics are an

19  overbroad fishing expedition. For example, Plaintiff seeks "all" documents related to

20  "any" excessive use of force complaint against "any" Sacramento Police Department

21  office by "any" person over an 11-year time period. Plaintiff also seeks the related

22  disciplinary and investigation records. The City contends that Plaintiff could have

23  appropriately narrowed her requests to specific officers, types of use of force, or time

24  frame in closer proximity to her June 2021 encounter. The City further contends that

25  Plaintiff waited until late January 2024 to begin conferring about the 30(b)(6) deposition,

26  requesting topics that would require 33 separate witnesses be produced, when fact

27  discovery was set to close just six weeks later. The City maintains that, given Rule 30's

28  limit of ten depositions and Plaintiff's failure to narrow her topics so the City could

1  respond under the tight timeline, its refusal to produce documents responsive to
2  Requests 8-10 and 30(b)(6) witnesses was justified. (ECF No. 22 at 6-8.)

3      **B.    Timeliness and Diligence**

4      The scheduling order in this case requires fact discovery to be "<u>completed</u>" by
5  March 7, 2024. The order expressly defines "completed" to mean:

6      [A]ll discovery shall have been conducted so that all
       depositions have been taken and **any disputes relevant to**
7      **discovery shall have been resolved by appropriate order**
       if necessary and, where discovery has been ordered, the
8      order has been obeyed. The parties are advised that
       **motions to compel must be filed in advance of the**
9      **discovery completion deadlines so that the court may**
       **grant effective relief within the allotted discovery time. A**
10     **party's failure to have a discovery dispute heard**
       **sufficiently in advance of the discovery cutoff may result**
11     **in denial of the motion as untimely**.

12 (ECF No. 11 at 4 (Mar. 9, 2023 Scheduling Order) (emphasis added).) This requires
13 parties to serve written discovery requests and deposition notices with enough time to
14 raise and resolve disputes with the court. Given the time needed to raise discovery
15 disputes with the court under Local Rule 251, which requires noticing the motion at least
16 twenty-one (21) days before the hearing, Plaintiff's motion to compel should have been
17 filed at least one month before the fact discovery cut-off, if not sooner. Plaintiff also
18 should have notified Defendants of the 30(b)(6) deposition well before filing any motion
19 to compel to provide for the requisite meet and confer before raising any discovery
20 dispute with the court.

21     Plaintiff's motion to compel is therefore untimely because it was filed just three
22 days before the fact discovery cut-off of March 7, 2024. *See Dhillon v. Princess Cruise*
23 *Lines, Ltd.*, 2023 WL 5696529, at *2 (9th Cir. Sept. 5, 2023) (affirming district court's
24 denial of plaintiffs' request for discovery after deadline passed where, among other
25 things, plaintiffs delayed for months in propounding discovery and failed to timely move
26 to compel evidence they believed defendant was withholding) (*citing Zivkovic v. S. Cal.*
27 *Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (noting the standards for diligence

28

1  as well as the district court's "broad discretion in supervising the pretrial phase of

2  litigation")); *see also Watts v. Allstate Indem. Co.*, 2012 WL 5289314, *2 (E.D. Cal. Oct.

3  23, 2012) ("Motions to compel [] discovery had to have been heard 30 days before [the

4  discovery] cutoff in order for discovery to be completed by the cutoff."); *Lacy v. American*

5  *Biltrite, Inc.*, 2012 WL 909309, *8 (S.D. Cal. Mar. 16, 2012) ("The discovery cutoff

6  includes hearings on motions to compel and discovery ordered as a result of a motion to

7  compel.").

8  　　　　　　Though this alone would warrant denial of Plaintiff's motion to compel,

9  Defendants contributed to the delay regarding the RFPs. Unlike the 30(b)(6) deposition,

10  which was raised by Plaintiff for the first time in late January 2024, Plaintiff timely served

11  her RFPs in June 2023, over eight months before the close of fact discovery. Plaintiff

12  also first raised concerns regarding Defendants' RFP responses in August 2023, and

13  Defendants failed to respond for four months, and only responded after Plaintiff followed-

14  up with Defendants in January 2024. (Exh. C (Pl. Aug. 23, 2023 Letter).) As a result, the

15  Court finds inappropriate an order denying all relief to Plaintiff. *See Hallett*, 296 F.3d at

16  751 (noting the district court's "broad discretion" to permit or deny discovery"); *see also*

17  *Mohammed v. United States Bonneville Power Admin.*, 2018 WL 1121477, *1 (W.D.

18  Wash. Mar. 1, 2018) (exercising discretion to amend scheduling order and permit

19  discovery despite the fact that both parties had not been "diligent in pursuing all the

20  required discovery in this matter").

21  　　　　**C.**　　　**Plaintiff's 30(b)(6) Deposition of the City**

22  　　　　　　As an initial matter, the Court rejects the City's argument that Plaintiff's 30(b)(6)

23  notice constitutes 33 depositions because the notice identifies 33 topics. This argument

24  is not supported by the law, and the City cites no legal authority in support of its position.

25  As the Advisory Committee Notes to Federal Rule of Civil Procedure 30 indicate, "[a]

26  deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single

27  deposition even though more than one person may be designated to testify." Fed. R.

28  Civ. P. 30(a)(2)(A), advisory committee notes to 1993 amendments. Courts have also

1    consistently applied this principle. *See Cannavan v. County of Ventura*, 2021 WL

2    4945186, *4 (C.D. Cal. July 16, 2021) (finding plaintiff's 30(b)(6) deposition notice served

3    on the County "properly counts as one deposition" despite the entity defendant's need to

4    produce two individuals to speak to the topics outlined in the notice).

5         As described above, unlike the RFPs, Plaintiff failed to timely raise the 30(b)(6)

6    deposition with Defendants where Plaintiff raised it for the first time in late January 2024,

7    just six weeks before the close of fact discovery. The problems resulting from this late

8    notice are compounded by the breadth of information sought by Plaintiff on 33 different

9    topics. This was simply not enough time to resolve and raise with the Court any related

10   disputes to complete fact discovery by the fact discovery cut-off as required in the

11   scheduling order. As a result, the relief the Court orders is limited to permitting Plaintiff to

12   proceed with the 30(b)(6) deposition of the City on the topics that the City previously

13   agreed to provide. (*See* ECF No. 22-1 at Exh. J (City's agreement to produce 30(b)(6)

14   deponents for Topics 1-8, 10, 13-15, and 33).) Thus, Plaintiff may proceed only with

15   those topics for the 30(b)(6) deposition that the City previously agreed to.[4] As to the

16   remaining topics (9, 11-12, and 17-32), the motion to compel is denied due to Plaintiff's

17   failure to timely raise the matter before the close of fact discovery. *Hallett*, 296 F.3d at

18   751; *see also Dhillon*, 2023 WL 5696529 at *2. The parties shall complete this modified

19   30(b)(6) deposition by June 5, 2024, as provided below.

20         **D.    Plaintiff's Requests for Production of Documents Nos. 8-10**

21         The Court finds the information sought in Plaintiff's Requests for Production 8-10

22   to be relevant to Plaintiff's excessive force and *Monell* claims. Plaintiff alleges City

23   officers "aggressively approached" her after she shouted for them to not shoot her son

24   as they surrounded her son's car. (Compl. ¶ 16.) Plaintiff alleges that she backed away

25   _____

26   [4]  The Court discussed Topic 16 with the parties at the hearing, agreeing with
     Defendants' vagueness objection and ordering Plaintiff to revise it to clarify her request.
27   Plaintiff was ordered to submit the revised Topic 16 by supplemental brief after the
     hearing. In the parties' supplemental brief (ECF No. 27), Plaintiff stated she agreed to
28   withdraw Topic 16. This issue is therefore moot.

from the officers, was shoved to the ground despite putting up no resistance and was injured. (*Id.*) As to her *Monell* claims, Plaintiff contends the City (a) employs officers who abuse their authority, mistreat citizens, and fail to follow department policies on use of force; (b) fails to supervise, train, control, assign, and discipline officers concerning use of force; (c) maintains inadequate procedures for "reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct" of its officers; (d) fails to discipline officers' conduct "including but not limited to unlawful seizures [and] excessive force"; (e) ratifies officers' intentional misconduct; (f) maintains a policy, custom, and practice of "arresting individuals without probable cause or reasonable suspicion, and using excessive force"; and (g) "fails to properly investigate claims of unlawful seizures and excessive force" by its officers. (*Id.* at ¶ 35.)

Other instances where Sacramento Police Department officers had complaints made against them (RFP 8), where the City opened disciplinary actions against officers who used excessive force (RFP 9), and where officers were investigated for their use of force (RFP 10) are relevant to Plaintiff's *Monell* claim. *See Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011) (the Ninth Circuit has "long recognized that a custom or practice can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded") (cleaned up); *Davis v. Mason County*, 927 F.2d 1473, 1479 (9th Cir. 1991) (noting the relevance of "evidence of the series of incidents of excessive force involving different police officers . . . against the County and the Sheriff's Department in order to show a pattern of misconduct") (superseded by statute on another issue, as stated in *Paeste v. Government of Guam*, 624 Fed. Appx. 488 (9th Cir. 2015)); *see also Aguilera v. Ramos*, 2021 WL 6427925, at *1 (C.D. Cal. Aug. 25, 2021) (finding "personnel and investigatory files, regarding prior accusations of misconduct by the defendant officers and other officers of the [police] department . . . [have] been held relevant under Rule 26(b)(1) and discoverable in federal civil rights cases alleging excessive force and municipal liability based on a failure to supervise or discipline

1   officers engaged in excessive force") (collecting cases); *Mollica v. County of*

2   *Sacramento*, 2021 WL 2417118, at *2 (E.D. Cal. June 14, 2021) (rejecting defendants'

3   argument that plaintiff's discovery requests were irrelevant because plaintiff did not limit

4   them to complaints related to foot/ankle injuries, and permitting discovery of all

5   complaints of denial of medical care at the jail for a two-year period); *Cunningham v.*

6   *Gates*, 2006 WL 2294877, at *1 (C.D. Cal. Aug. 2, 2006) (finding plaintiff's evidence of

7   "personnel history, civil suits, prior and subsequent shootings, mention of 'scandals'

8   involving the city's police department to be relevant to the plaintiffs' *Monell* claims

9   regarding supervisory and policymaking officials' knowledge, and hence, deliberate

10  indifference"). Nor have Defendants submitted any authority in the parties' briefing or at

11  the hearing to support their position that such discovery is not relevant for *Monell* claims.

12  (*See* ECF No. 22 at 7 (authority cited do not address discovery for *Monell* claims).)

13         Relevance does not end the inquiry, however, given Rule 26's proportionality

14  requirements and the scheduling constraints of this case. As originally propounded,

15  RFPs 8 and 9 requested documents from 2013 to June 2023, and RFP 10 had no such

16  time limit. (*See* ECF No. 22-1 at Exh. A, p. 8-9.) This raises proportionality concerns.

17  Plaintiff has already agreed to limit the time period for RFPs 8-10 to a five-year time

18  period from June 15, 2018 to June 15, 2023, which Plaintiff confirmed at the April 10,

19  2024 hearing. (*See* ECF No. 22-1 at Exh. E, ¶ 1.) The Court notes that this time

20  limitation is appropriate. *See, e.g., Bosworth v. City of San Jose*, 2019 WL 13039539, *2

21  (July 8, 2019) (limiting *Monell* production to five years on proportionality grounds).

22         As to other limitations regarding the scope of these RFPs, Plaintiff argues that she

23  is entitled to <u>any</u> and <u>all</u> documents related to <u>any</u> citizen's excessive force complaint

24  against <u>any</u> City officer, as well as <u>all</u> of the City's investigatory and disciplinary actions

25  involving <u>any</u> officers. (*See* ECF No. 22-1 at 10-11.) Conversely, the City contends that

26  Plaintiff's broad request for documents concerning any and all complaints, investigations,

27  and disciplinary proceedings made against all City police officers over an eleven-year

28  period is overbroad and an attempt at a fishing expedition—especially when Plaintiff's

11

1    conferral efforts primarily manifested during the last six weeks of fact discovery.

2         Given proportionality requirements and the time constraints under the case

3    schedule due to Plaintiff's delay in filing her motion to compel, the Court finds that a

4    balance is needed. *See Doe v. Manhattan Beach Unified Sch. Dist.*, 2020 WL 11271843,

5    at *3 (C.D. Cal. July 23, 2020) (limiting discovery of older documents because of, among

6    other reasons, the requesting party's "lack of diligence in raising this issue with the Court

7    and the limited amount of time left remaining in discovery")*; see also Hallett*, 296 F.3d at

8    751. To this end, at the April 10 hearing, the Court ordered the parties to meet and

9    confer to narrow the scope of RFPs 8-10. On April 12, the parties submitted their joint

10   supplemental brief, proposing the following modified RFPs with Defendants' agreement

11   to produce documents responsive to the modified RFPs[5]:

12
13   Modified RFP No. 8: All DOCUMENTS RELATING TO any
     excessive use of force complaints made against any SPD
14   police officers by any PERSON from June 15, 2018 to June
     15, 2023, involving officer(s) putting their hands on someone
15   and/or failing to attempt to deescalate the situation before
     using force.

16   Modified RFP No. 9: All DOCUMENTS that RELATE TO any
     disciplinary actions taken against any SPD police officers for
17   the use of excessive force from June 15, 2018 to June 15,
     2023, involving officer(s) putting their hands on someone
18   and/or failing to attempt to deescalate the situation before
     using force.

19   Modified RFP No. 10: All DOCUMENTS that RELATE TO
     any investigations, by SPD or any other governmental
20   agency, into complaints of SPD police officers' use of
     excessive force from June 15, 2018 to June 15, 2023,
21   involving officer(s) putting their hands on someone and/or
     failing to attempt to deescalate the situation before using
22   force.

23   (ECF No. 27.) The Court finds that the jointly submitted, modified RFPs 8-10 properly

24   take into consideration Rule 26's proportionality requirements. The Court grants in part

25   Plaintiff's motion to compel production and orders Defendants to produce documents

26

27   _____
     [5]   The Court appreciates the parties' professionalism and cooperative approach in the
28   April 12, 2024 Joint Letter Brief, submitting Plaintiff's Modified RFPs 8-10 and the City's
     agreement to produce documents responsive to the Modified RFPs. (*See* ECF No. 27.)

                                          12

responsive to Plaintiff's Modified RFPs 8-10 by June 5, 2024, as provided below.

The Court declines to apportion reasonable expenses for the motion to compel, and Plaintiff confirmed at the hearing that she declined requesting such expenses. *See* Fed. R. Civ. P. 37(a)(5)(C).

**E.    Modifications to the Discovery Schedule**

Given the Court's partial grant of Plaintiff's motion to compel, Plaintiff's motion for an extension of time on the discovery deadlines (ECF No. 20) is granted in part. The new dates are reflected in the order section below, as agreed upon by the parties and set by the Court at the April 10 hearing.

**ORDER**

Accordingly, the Court ORDERS:

1.    Plaintiff's motion to compel (ECF No. 17) is GRANTED IN PART AND DENIED IN PART;

2.    Plaintiff's motion for extension of time (ECF No. 20) is GRANTED IN PART AND DENIED IN PART;

3.    In summary:

    a.  Defendant shall produce documents responsive to Plaintiff's Modified Requests for Production Nos. 8-10 by June 5, 2024;

    b.  The 30(b)(6) deposition of the City limited to Topics 1-8, 10, 13-15, and 33, shall take place by June 5, 2024;

    c.  The fact discovery cut-off of March 7, 2024 is therefore extended to June 5, 2024 limited to ¶ 3(a) and ¶ 3(b) above. No other extension of the fact discovery deadline is granted;

    d.  Expert witness disclosures are continued from June 7, 2024 to July 31, 2024;

    e.  Rebuttal expert disclosures are continued from July 7, 2024 to August 28, 2024;

    f.  The expert discovery cut-off is continued from August 7, 2024 to

1          September 27, 2024; and

2        g.  **No other case deadlines are modified**. The dispositive motion filing

3           deadline, final pretrial conference, and jury trial dates (*see* ECF Nos. 11,

4           13.) remain unaffected by this order.

5

6 Dated:  April 17, 2024

7                         CHI SOO KIM

8                         UNITED STATES MAGISTRATE JUDGE

9 3, frye.1936

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28